UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18 CR 565 CDP-2 |
| | ) | |
| ANDRE LAMAR SMALLWOOD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant Andre Lamar Smallwood was sentenced on May 21, 2021, to 120 months' imprisonment following his plea of guilty to one count of conspiracy to distribute and possess with intent to distribute a substance or mixture containing fentanyl.  He is presently incarcerated at FCI Greenville with a projected release date of January 23, 2027.  He has now filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), stating his concerns about being incarcerated during the COVID pandemic.  Consistent with the procedures of this Court and the Administrative Order entered on April 1, 2020, an attorney from the Federal Public Defender's office was appointed to represent defendant.  After investigating the case, that attorney filed a notice that counsel would not be filing further pleadings. I will deny the motion for compassionate release.

A court can reduce a final sentence only under the very limited

circumstances listed in 18 U.S.C. § 3582(c).  Under § 3582(c)(1)(A), compassionate release may be granted if the court finds, "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).

Smallwood has not shown any extraordinary and compelling reasons that would warrant release under 18 U.S.C. § 3582(c)(1)(A).  His motion makes no real arguments for why he should be released early.  He states that he has sciatica and is concerned about COVID-19 given his family history of diabetes and hypertension.  Notably, however, he refused the COVID vaccine when it was recently offered to him.  Defendant cannot use his purported fear of contracting COVID as a reason to seek release from prison while at the same time refusing the vaccine, which would have offered him the greatest protection currently available from contracting a severe form of the virus.  He also contends that he needs to help his fiancée with his children and stepchildren, but there is no indication that the children are without a caregiver or in any other way require his physical presence.

Additionally, as detailed in the presentence report, Smallwood was considered a primary leader of a several-member organization that distributed fentanyl in the St. Louis region, with such distribution resulting in the ingestion of fentanyl by a 9-month-old baby, two deaths from fentanyl intoxication, and the

murder of a perceived rival drug dealer. He has an extensive criminal history, including multiple drug offenses, at least one firearms offense, and an offense involving deceit. He has not shown that he is not a danger to the community if released early or that the factors listed in 18 U.S.C. § 3553(a) favor release.

Moreover, the 120-month sentence Smallwood is currently serving represents the mandatory minimum sentence for his offense of conviction and was jointly recommended by the parties in conjunction with his guilty plea. With Smallwood's total offense level and criminal history category, the advisory range under the guidelines was 262 to 327 months. Accordingly, his actual sentence already represents a substantial downward departure from the advisory guidelines sentence.

Based on the foregoing, a reduction of sentence is not warranted under 18 U.S.C. § 3582(c).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Andre Lamar Smallwood's motion for compassionate release [892] is **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of August, 2021.